## LANE v STATE

Ohio Appeals, 2nd Dist, Miami Co

No 348.   Decided Nov 21, 1935

Goodrich & Goodrich, Troy, for plaintiff in error.

Paul T. Klapp, Prosecuting Attorney, Troy, for defendant in error.

## OPINION

By HORNBECK, J.

The plaintiff in error was defendant below and defendant in error was plaintiff. We refer to the parties as they appeared in the trial court. The defendant was indicted, tried, convicted and sentenced for the offense of robbery.

The petition in error assigns six grounds of error, but the brief of counsel for the defendant urges but two, namely, error in the charge of the court and the verdict and judgment are manifestly against the weight of the evidence. The record discloses that defendant had prior to the date of the commission of the offense alleged, been in the employ of Peter Mengos, who owned and operated the Post Office Restaurant in Piqua, Ohio. Gus Delares, also an employe of the restaurant, was working there on the night of March 14th and the morning of March 15th, 1935. About 4 o'clock A. M. on the 15th of March, Delares observed a man outside the restaurant building and later after Delares' attention was attracted to the fact that an electric light had gone out in the kitchen and when he was about to investigate, a man with a white cloth over his face and a gun in his hand turned upon Delares, menaced him with the revolver, caused him to go upstairs and while he was upstairs the robber opened the cash

register and took therefrom $27.19, the property of Peter Mengos, the proprietor. Delares did not identify the defendant, but on the same day that the robbery occurred he visited defendant in the jail at Piqua where he was held and according to Delares' testimony defendant in response to a question why he committed the robbery said to him, "Well I don't know, I am sorry I did it; I didn't have any money to eat and pay rent." Officers Purcell and Henderson testified that the defendant made a voluntary, full and complete confession to each of them that he had committed the robbery, told them where the money he had stolen was to be found in his home, told in detail how and why he committed the robbery and plead guilty at the preliminary hearing. The money stolen was silver in small denominations. The defendant took the stand, denied the offense in all particulars, denied that he had confessed to Delares or to either of the officers and said that the officers advised him to plead guilty and said to him, 'You tell that you did it, you will get out of it, there will be nothing to it." Defendant says that he did not know the meaning of the word "guilty." Officer Henderson on cross-examination says that defendant's rights were not explained to him prior to his statements. The testimony of defendant's landlady was to the effect that she knew he came to his room about 11 o'clock the night before the robbery and she saw him leave at 7 A. M. on the morning of the robbery, though she admits that it would have been possible for him to have left his room during the night. There is some other testimony tending to corroborate the statement of the defendant that the money which was recovered in his room was his own property having been secured by the sale of some of his personal property and change which he received from either a five or ten dollar bill which he tendered for some food which he and his girl friend had purchased at a restaurant the night before the robbery.

This brief statement of the evidence discloses that the question presented to the jury was one of fact and that it, within its province, had a right to believe or disbelieve the witnesses for the State or for the defense and to consider their stories in the light of probability and in view of all the circumstances surrounding the commission of the offense. We could not, without doing violence to the well established law touching the right of the jury to weigh the evidence and test the credibility of the witnesses, sustain the claim that the verdict

and judgment are manifestly against the we'ght of the evidence.

The question touching the failure of the court to charge on the law of confessions is somewhat more difficult. It is not discussed at length by counsel for either party in their briefs. We are cited to no authorities. The sole reference to the failure to charge on confessions to be found in the brief of counsel for defendant are the following sentences:

"The verdict in this case can only be based on the so-called confessions and the court, in its charge to the jury never charged one word on subject of confessions. We think this prejudicial error."

It is true that the court said nothing whatever on the subject of the law of confession. It is likewise true but for the admissions of guilt made by the defendant to the prosecuting witness and to the police officers, the record does not afford any identification of the robber but the record is most unusual in that there is not an objection to be found to any of the admissions of the defendant testified by the various witnesses. There is some doubt if the defendant definitely says that all of the officers to whom he confessed promised to reward him if he admitted his guilt. Granted that the record will support that determination, there is not the slightest suggestion that the prosecuting witness threatened or put the defendant in any fear or made or held out any promise of leniency or immunity from punishment or that any officer was present at the conversation between the defendant and Delares, and upon the testimony of Delares alone together with the incriminating circumstances, the jury would have been justified in finding the defendant guilty. But the evidence does not establish a situation wherein the defendant admits that he made a confession. On the contrary he denies that he confessed his connection with the crime charged in any particular whatever, so that we do not have the regular question presented which ordinarily appears of an admitted confession and the further claim that it was secured by threats, duress or promise of reward. The court did properly charge the jury touching its right to weigh the testimony and in the last analysis that is what was presented to the jury, namely, the question of who was telling the truth. Was it the defendant or was it the witnesses for the State who said that he had admitted his guilt? Upon the statement of the defendant he made no confession whatever, though he was promised immun-

ity from punishment if he would confess. It would have been proper for the court to have charged the jury fully on the subject of confession. It is the practice of courts to determine in the first instance whether or not a confession about to be offered appears to have been voluntarily given, if so the jury is permitted to hear it under proper instruction. But the burden of showing it is not voluntary devolves upon the defendant. Upon this record there was no objection whatever to any statement which constituted a confession on the part of the defendant, no objection to its admission as evidence, no request to the court to charge on the subject of confession, although the court asked counsel at the conclusion of the general charge if they desired anything further to be said to the jury and no special or general exception noted to the charge by the counsel for the defendant. Because the jury was properly charged touching the credibility of the witnesses and upon the record as made it becoming a question solely of the veracity of the witnesses, we can not say that the refusal of the court on this record to charge on the law of confession was prejudicial error. The judgment of the trial court will therefore be affirmed.

BARNES, PJ, and BODEY, J, concur.